**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALYCIA F.,<br><br>                Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | Civil Action No. 20-13086 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff Alycia F.'s ("Alycia")[1] appeal from the Commissioner of the Social Security Administration Andrew Saul's (the "Commissioner") final decision, which denied Alycia's request for supplemental security income. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c)(3) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

**I.    BACKGROUND**

      In this single-issue appeal, the Court must answer an evidentiary question: Does substantial evidence support Administrative Law Judge Peter R. Lee's ("Judge Lee") determination of a claimant's residual functional capacity ("RFC") that excluded social limitations, notwithstanding

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

that a state psychologist opined that Alycia had moderate social limitations? The Court begins with a brief background of the procedural posture and decision by Judge Lee.[2]

### A. Procedural Posture

Alycia filed an application for supplemental social security income on April 27, 2017, alleging a disability onset date of June 23, 2010. (AR 86-87.) The Social Security Administration (the "Administration") denied the request both initially and on reconsideration. (*Id.* at 85, 101.) Thereafter, Alycia requested a hearing (*id.* at 114-16), and Judge Lee held that hearing on July 15, 2019 (*id.* at 47-67). Judge Lee issued a written opinion, where he determined that Alycia was not disabled. (*Id.* at 23-40.) Alycia appealed that decision, and the Administration's Appeals Council affirmed Judge Lee's decision. (*Id.* at 1-6.) This appeal followed. (ECF No. 1.) Alycia filed her opening brief on May 28, 2021 (ECF No. 13), and the Commissioner filed his opposition brief on June 29, 2021 (ECF No. 14). Alycia did not file a reply brief.

### B. Judge Lee's Decision

In his September 12, 2019 opinion, Judge Lee concluded that Alycia was not disabled under the prevailing Administration regulations. (*See generally* AR 23-40.) Judge Lee set forth the five-step process for determining whether an individual is disabled. (*Id.* at 24-25 (citing 20 C.F.R. § 416.920(a).) At step one, Judge Lee found that Alycia had not "engaged in substantial gainful activity" since the application date. (*Id.* at 25 (citing 20 C.F.R. § 416.971).) At step two, Judge Lee found that Alycia suffered from several severe impairments, including anxiety. (*Id.* at 25-27 (citing 20 C.F.R. § 416.920(c)).) At step three, Judge Lee determined that Alycia did not have "an impairment or combination of impairments" that qualified under the Administration's listed

---

[2] The Administrative Record ("Record" or "AR") is available at ECF No. 9-1 through 9-10. The Court will reference the relevant page numbers in the Record and will not reference corresponding ECF page numbers within those files.

impairments. (*Id.* at 27-29 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926).) At step four, Judge Lee concluded that Alycia was "unable to perform any past relevant work." (*Id.* at 38 (citing 20 C.F.R. § 416.965).) At the fifth step, Judge Lee concluded that "there are jobs that exist in significant numbers in the national economy" that Alycia could perform. (*Id.* at 38-39 (citing 20 C.F.R. §§ 416.969, 416.969a).)

The crux of this appeal is not so much the step-by-step conclusions but rather the ingredients that went into making them. Specifically, as a precursor to his step-four conclusion, Judge Lee found that Alycia had the RFC "to perform sedentary work as defined in 20 C.F.R. [§] 416.967(a)" subject to certain exceptions. (*Id.* at 29-38.) As part of that finding, Judge Lee determined that Alycia's mental impairments "limited [her] to simple and routine tasks." (*Id.* at 36.) Judge Lee stopped short of finding additional social impairments, however, noting that record evidence established that Alycia was "alert, oriented, adequately groomed, and cooperative" and exhibited "intact recent and remote memory, coherent and logical thought processes, intact cognition, fair to normal attention span, concentration, . . . focus, and fair to good insight and judgment." (*Id.* at 28, 37 (citing numerous exhibits).) Judge Lee also discounted a December 2017 psychological evaluation conducted by Doctor David L. Biscardi ("Dr. Biscardi") as "unpersuasive." (*Id.* at 37.) Although Dr. Biscardi found that Alycia suffered from "moderate limitations in interacting with others," Judge Lee determined that that finding was "not consistent with the record as a whole." (*Id.*)

## II.  LEGAL STANDARD

### A.  Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the Administrative Law Judge's ("ALJ") decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

**B.     Establishing Social Security Income**

To be eligible for social security income benefits, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). Under the

statute, claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920. For the first step, claimants must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities. *Id.* § 416.920(a)(4)(i). For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of impairments." *Id.* § 416.920(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that claimants provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If claimants demonstrate that they suffer from a listed impairment or that their severe impairment is equal to a listed impairment, they are presumed to be disabled and entitled to social security income benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' RFC permit them to resume previous employment. *Id.* § 416.920(a)(4)(iv). If claimants' RFC permits previous employment, claimants are not "disabled" and not entitled to social security income benefits. *Id.* § 416.920(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to

demonstrate that claimants can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. *Id.* If the Commissioner cannot satisfy this burden, claimants will receive social security income benefits. 20 C.F.R. § 416.920(g).

### III. DISCUSSION

Alycia appeals the Administration's Appeals Council's affirmance of Judge Lee's decision. The centerpiece of her appeal is that both the Appeals Council and Judge Lee erred regarding the RFC determination. Specifically, Alycia argues that substantial evidence shows that Judge Lee should not have discounted the opinion of Dr. Biscardi, a state psychologist who evaluated her in December 2017. According to Alycia, had Judge Lee considered Dr. Biscardi's opinion, he would have included in the RFC determination that Alycia had a moderate social limitation. That, in turn, would have led Judge Lee to conclude that Alycia could not have performed other jobs in the national economy, thereby entitling her to benefits. (Alycia's Moving Br. 14 ("Because the ALJ did not properly evaluate Dr. Biscardi's opinions, it is impossible to tell if the [RFC] is an accurate representation of [Alycia's] maximum remaining ability to perform basic work activities.").) That's particularly so because Dr. Biscardi's evaluation showed "limitations in social functioning," which was consistent with other evidence on the record. (*See id.* at 12-13.)

The Commissioner counters that substantial evidence supports Judge Lee's determination that Dr. Biscardi's evaluation was unpersuasive. As examples, the Commissioner points to Alycia's testimony that she interacted well with others, testimony from Alycia's friend showing the same, and evidence of activities in Alycia's daily life showing ordinary interactions with others. (*See* Commissioner's Opp'n Br. 10.) The Commissioner also asserts that another doctor's evaluation showed that Alycia had "good attention and concentration skills" and that she reported having "a boyfriend with whom she spent time on the weekends." (*Id.* at 10-11.)

The Court thus must assess whether substantial evidence supported Judge Lee's finding that Alycia's RFC did not include social limitations. To start, the parties agree that 20 C.F.R. § 416.920c governs how ALJs weigh medical opinions. (*See* Alycia's Moving Br. 10; Commissioner's Opp'n Br. 7.) Under that regulation, Judge Lee need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)" and was "not required to articulate how [he] considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 416.920c(a), (b)(1). Rather, the regulation requires that Judge Lee evaluate the persuasiveness of a medical source's opinion by considering objective criteria like "[s]upportability," [c]onsistency," "[l]ength of the treatment relationship," and "[f]requency of the treatment relationship." *Id.* § 416.920c(c).

Judge Lee followed this regulation. Although not required to articulate the individual weight given to Dr. Biscardi's opinion, Judge Lee found that the opinion was "not consistent with the record as a whole, including subsequent evidence available at the hearing level showing psychiatric care for anxiety." (AR 37.) Judge Lee also cited to five different exhibits on the Record that contradicted Dr. Biscardi's evaluation. (*Id.*; *see also* 20 C.F.R. § 416.920c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.").) Elsewhere in his written opinion, Judge Lee elaborated on those exhibits, showing how each one contrasts with Dr. Biscardi's evaluation. For example, Judge Lee explained and cited an October 2016 psychiatric evaluation that showed that Alycia had "no looseness of associations," "[g]ood" judgment and insight, and "[g]rossly intact" knowledge and memory. (AR 28, 649.) He further explained and cited to a

September 2017 psychiatric evaluation showing that Alycia had "[g]ood attention and concentration skills" and "average" intellectual functioning, vocabulary skills, and understanding of concepts. (AR 28, 916.)[3]

For the same reasons, the Court has little trouble concluding that "more than a mere scintilla" of evidence supported Judge Lee's finding regarding Dr. Biscardi. *See Anderson v. Saul*, No. 18-3625, 2020 WL 7237929, at *9 (D.N.J. Dec. 9, 2020) (affirming ALJ's RFC determination where "ALJ detailed years of record evidence" including medical records). To be sure, Judge Lee described and cited to years of medical and psychiatric evaluations showing that Alycia did not suffer from moderate social limitations.

## IV.  CONCLUSION

Having reviewed the Record as a whole, the Court affirms the affirmance of Judge Lee's decision by the Administration's Appeals Council. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] The other exhibits explained and cited by Judge Lee show substantially the same. (*See* AR 972 (January 2018 psychological examination showing "normal mood and affect" and "normal attention span and concentration"); AR 1041 (January 2018 examination showing that Alycia was "alert and oriented to time, place, and person"); AR 1050 (April 2018 examination showing same); AR 1098 (January 2019 examination showing "normal" psychomotor, "labile" mood, "appropriate" affect, "coherent" thought processes, "intact" cognition, and "fair" concentration, focus, insight and judgment); AR 1100 (December 2018 examination showing same); AR 1102 (November 2018 examination showing same); AR 1104 (October 2018 examination showing same).)